HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HEATHER BATEH, et al.,

    Plaintiff,

v.

WELLS FARGO BANK, N.A., et al.,

    Defendants.

CASE NO. C14-293RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on a motion for summary judgment from Defendant Northwest Trustee Services, Inc. ("NW Trustee"). Plaintiff Heather Bateh did not oppose the motion, although an affidavit (Dkt. # 24) that she mailed to Defendants four days after her opposition was due was apparently intended as a partial opposition. That document led NW Trustee to file a motion to strike. No party requested oral argument as to either motion, and the court finds oral argument unnecessary. For the reasons stated herein, the court GRANTS the motion for summary judgment, which results in the dismissal of Ms. Bateh's claim against NW Trustee. Dkt. # 21. The court DENIES the motion to strike (Dkt. # 25), because NW Trustee suffers no prejudice from the court's consideration of the document that the motion targets. The clerk shall TERMINATE NW Trustee as a party to this action.

ORDER – 1

## II.  BACKGROUND

Wells Fargo, N.A., claims to be the holder of a note executed in April 2005 that is secured by a deed of trust to a residential property in Auburn, Washington.  The grantors of the 2005 deed of trust were Ms. Bateh and Raymond Bateh, who was her husband at the time.  The note, however, was executed solely by Mr. Bateh.

In October 2012, Wells Fargo gave Ms. Bateh and Mr. Bateh a notice of default on the loan.  It did so, according to the notice, with NW Trustee acting as the "duly authorized agent" of Wells Fargo.  The notice stated that both Mr. Bateh and Ms. Bateh were borrowers.  Later that month, NW Trustee recorded an "Appointment of Successor Trustee" in which Wells Fargo, acting as attorney in fact in accordance with a power-of-attorney document that is not part of the record, named NW Trustee the trustee on the deed of trust.  The document states that Linear Financial, LP, doing business as Quadrant Home Loans, was the beneficiary of the deed of trust, which is consistent with the deed of trust itself.  Linear Financial was the lender for the 2005 note that Mr. Bateh executed.  The "Appointment of Successor Trustee," like the notice of default, declared that both Mr. Bateh and Ms. Bateh were borrowers.

In November 2012, Wells Fargo executed a declaration (which it apparently provided to NW Trustee), in which it declared that it was the "actual holder" of the note, whereas Federal Home Loan Mortgage Corporation was the "actual owner" of that note.

In October 2013, NW Trustee recorded a notice of a trustee's sale set for February 7, 2014.  That notice was addressed solely to Ms. Bateh.

On January 31, 2014, Ms. Bateh filed a complaint, without the assistance of an attorney, in King County Superior Court.  She sued Wells Fargo, NW Trustee, Stewart Title (who was the trustee originally named in her deed of trust), and Linear Financial, the original lender and original beneficiary of the deed of trust.  Among more than 20 claims, she sought to enjoin the trustee's sale.  The King County Superior Court docket does not suggest that she filed a motion to enjoin the sale.

ORDER – 2

On February 14, 2014, NW Trustee conducted a trustee's sale and sold the property to a third-party bidder. NW Trustee executed a trustee's deed conveying the property on February 25.

On February 26, 2014, Ms. Bateh filed an amended complaint against the same Defendants. It is substantially shorter than its predecessor. It acknowledges the February 14 trustee's sale, and suggests that someone is attempting to take possession of the property. Although the amended complaint is not clear, it appears that at the time it was drafted, Ms. Bateh continued to reside at the property.

Ms. Bateh's complaint raises five causes of action. In what she designates "Count I – Complaint for Temporary Injunction," she asks the court to enjoin efforts to take possession of the property. In "Count II," she asks for a permanent injunction that would prevent any attempt to "sell or dispose of or commit[] any act that will affect the title of the listed property . . . ." Counts III and IV allege violations of the Fair Debt Collection Practices Act ("FDCPA") and the Real Estate Settlement Procedures Act ("RESPA"). The final "count" of her complaint is a request to set aside or vacate the trustee's sale. She supports each of these claims with allegations that no Defendant had the legal right to foreclose on her property, because they were not beneficiaries of the deed of trust, or because the deed of trust became severed from the note because of the manner in which it was transferred after its execution.

Wells Fargo alone filed a notice of removal. It stated that the court should disregard NW Trustee, because it was merely a "nominal defendant" who had "no legitimate claim to the dispute" and was "not a real party in interest." Dkt. # 1. The notice of removal is based on Ms. Bateh's amended complaint.

NW Trustee apparently disagrees with Wells Fargo's assertion that it is not a real party in interest. It filed the motion for summary judgment now before the court, a

ORDER – 3

motion in which Wells Fargo has not joined. The court now considers whether NW Trustee is entitled to summary judgment on Ms. Bateh's claims against it.

### III. ANALYSIS

On a motion for summary judgment, the court must draw all inferences from the admissible evidence in the light most favorable to the non-moving party. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party must initially show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The opposing party must then show a genuine issue of fact for trial. *Matsushita Elect. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party must present probative evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). The court defers to neither party in resolving purely legal questions. *See Bendixen v. Standard Ins. Co.*, 185 F.3d 939, 942 (9th Cir. 1999).

Ms. Bateh did not oppose the summary judgment motion. Her opposition was due by July 14, 2014. She filed nothing by that date. A week later, the court received and docketed a document she entitled "Affidavit of Heather P. Bateh in Response to Defendants' Motion to Dismiss Amended Complaint." Dkt. # 24. The attached certificate of service states that she mailed the document to Defendants on July 17. The affidavit states that the deed of trust that NW Trustee relied on did not "follow the note," because "the note no longer exists." It also states that "the note and trust deed . . . have been bifurcated and the trust deed is not a lien or encumbrance upon the title of plaintiff's property that would . . . give any foreclosure rights to any of the defendants." She contends that the note was "non-negotiable," and that it was therefore not properly assigned. She claims that "[t]here is no note, there were no assignments of any rights and

ORDER – 4

most of all, there was no loan." Finally, she explains that she has "the exclusive interest in th[e] property, including all rights and liabilities, because of a divorce decree" which she attaches to her affidavit. She also attaches a quit claim deed recorded in October 2011 in which Mr. Bateh conveys his interest in the property to Ms. Bateh.

With the exception of Ms. Bateh's evidence regarding her divorce and Mr. Bateh's transfer of his rights in the property, the court could not treat her affidavit as evidence even if Ms. Bateh had timely filed it. Conclusory statements about the validity of the deed of trust are not evidence, they are legal conclusions. Her declaration is not competent evidence of any facts that would support those legal conclusions. Her evidence does suggest that as of no later than October 2011, she was the sole owner of the property. But, as the court will soon discuss, she does not need that evidence.

The court treats NW Trustee's motion for summary judgment as if it were unopposed. Ms. Bateh's "opposition" is untimely, and the court could reject it on that basis alone. Instead, the court rejects it because it is not competent evidence of anything except Ms. Bateh's exclusive ownership of the property as of October 2011, evidence that she does not need to oppose the summary judgment motion.

A court considering an unopposed summary judgment motion is authorized to treat an assertion of fact from the moving party as undisputed. Fed. R. Civ. P. 56(e)(2). Once it does so, it may grant summary judgment "if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it . . . ." Fed. R. Civ. P. 56(e)(3). The court cannot grant summary judgment "by default," it must instead "determine the legal consequences" of the facts it deems undisputed. *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013). Ultimately, it will suffice if the court reviews the summary judgment motion and grants it on its merits. *Id.* at 917-18.

As the court reads Ms. Bateh's complaint, the only claim she has asserted against NW Trustee is the final "Count" of her complaint, which asks the court to set aside or

ORDER – 5

vacate the trustee's sale.  NW Trustee, which purported to act solely as the trustee, is not alleged (except in the most conclusory terms) to have done anything to violate either the FDCPA or RESPA.  NW Trustee does not mention these claims in its summary judgment motion.  Ms. Bateh's claims for injunctive relief either ask the court to enjoin the trustee's sale (a claim that is plainly moot in light of the completed sale) or to enjoin Defendants' efforts to take possession of the property.  The record establishes that NW Trustee has no interest in the property, and thus it is implausible to assume that NW Trustee has any role in efforts to divest Ms. Bateh of physical possession of the property.  The court accordingly focuses solely on Ms. Bateh's claim to set aside the trustee's sale.[1]

### A.   Ms. Bateh Has Waived Her Right to Set Aside the Trustee's Sale.

Although Ms. Bateh sued NW Trustee before it conducted the trustee's sale, she did not obtain an injunction to stop that sale.  That is potentially a waiver of her right to set aside the sale.  Two provisions of the Deed of Trust Act suggest as much.  The first, which is in the provision dictating the contents of a notice of trustee's sale, requires the notice to state as follows:

> Anyone having objection to the sale on any grounds whatsoever will be afforded an opportunity to be heard as to those objections if they bring a lawsuit to restrain the sale pursuant to RCW 61.24.130.  Failure to bring such a lawsuit may result in a waiver of any proper grounds for invalidating the Trustee's sale.

RCW 61.24.040(1)(f)(IX).  The second is in a portion of the Deed of Trust Act directed expressly to the consequences of failing to enjoin a trustee's sale.  It provides that the "failure of the borrower or grantor to bring a civil action to enjoin a foreclosure sale under this chapter may not be deemed a waiver of a claim for damages . . . ."  RCW

---

[1] NW Trustee asks the court to grant summary judgment against Plaintiff's claim for unjust enrichment.  There is no indication that Ms. Bateh is pursuing that claim.  It was part of her original complaint, but it is not in her amended complaint.  The court notes, moreover, that while NW Trustee purports to cite her amended complaint frequently in its motion for summary judgment, it is actually citing her original complaint.  Among other things, her amended complaint, unlike its predecessor, contains no numbered paragraphs.  *Compare* Not. of Removal (Dkt. # 1), Ex. A *with* Ex. B.

ORDER – 6

61.24.127(1). The provision permits a claim *for damages* for the trustee's failure to "materially comply with the provisions" of the Deed of Trust Act, RCW 61.24.127(1)(c), but it declares that a claim subject to the waiver provision "may not affect in any way the validity or finality of the foreclosure sale or a subsequent transfer of the property." RCW 61.24.127(c).

The Washington Supreme Court recently considered waiver in the context of these provisions in *Frizzell v. Murray*, 313 P.3d 1171 (Wash. 2013). There, the court considered a borrower who not only sued to enjoin a trustee's sale, but actually obtained a conditional order enjoining the sale. *Id.* at 1174. The borrower failed, however, to make the payment required as a condition of that order, and the sale occurred. *Id.* at 1172. She neither sought reconsideration of the conditional order nor appealed it. *Id.* at 1174. The court observed that the plaintiff received notice of her right to seek an injunction against the sale, that her efforts to obtain that injunction demonstrated that she was aware of that right, and that she was aware of the facts giving her a defense to the trustee's sale before the sale occurred. *Id.* at 1174. Relying on *Plein v. Lackey*, 67 P.3d 1061 (Wash. 2003), the court held that the plaintiff had waived her right to contest the trustee's sale by not complying with an order enjoining the sale, and by not taking steps to seek reconsideration or appeal that conditional order. *Frizzell*, 313 P.3d 1174-75. It then considered to what extent the statutory provisions cited above impacted Plaintiff's ability to bring a suit for damages. *Id.* at 1175-76.

Here, Ms. Bateh has not sued NW Trustee for damages. She seeks only to set aside the trustee's sale. Like the plaintiff in *Frizzell*, she had notice of her right to seek an injunction (because the notice of trustee's sale informs her of that right in clause IX), her filing of a lawsuit to restrain that sale demonstrates that she was aware of that right, and the complaint that initiated that lawsuit demonstrated her knowledge of the defenses

ORDER – 7

she asserts to that sale. NW Trustee has established that she, like the plaintiff in *Frizzell*, waived her claim to set aside the sale.

*Frizzell* acknowledged some exceptions to its waiver doctrine. Where the conduct of a lender prevents a borrower from timely filing suit, and the borrower has been diligent, courts may exercise equitable discretion to permit the borrower to avoid waiver. 313 P.3d at 1175 (discussing *Albice v. Premier Mortgage Servs., Inc.*, 276 P.3d 1277. 1282-83 (Wash. 2012)). In addition, where the trustee "lack[s] the statutory power to foreclose nonjudicially," waiver is inapplicable. *Frizzell*, 313 P.3d at 1176 (discussing *Schroeder v. Excelsior Mgmt. Group, LLC*, 297 P.3d 677, 683 (Wash. 2013)).

Ms. Bateh cannot take advantage of these exceptions to waiver. She provides no evidence of any Defendant's conduct that prevented her from timely taking legal action. Although she asserts in her complaint that NW Trustee lacked the power to foreclose, she provides no evidence disputing that NW Trustee was a validly appointed trustee, no evidence disputing that Wells Fargo provided NW Trustee with the beneficiary declaration that RCW 61.24.030(7) requires, and no evidence that NW Trustee violated the duty of good faith that RCW 61.24.010(4) imposes on a trustee. *See Trujillo v. NW Trustee*, 326 P.3d 768, 774 (Wash. Ct. App. 2014) (holding that "absent conflicting evidence, the declaration [of a note holder to a trustee per RCW 61.24.030(7)] should be taken as true"). In short, Ms. Bateh cannot avoid the waiver of her claim to set aside the trustee's sale, at least to the extent she states that claim against NW Trustee.

**B.  NW Trustee's Evidence Admits That It and Wells Fargo Treated Ms. Bateh as The Borrower of the Note.**

NW Trustee asks the court to rule that because Mr. Bateh was the only named borrower on the note, Ms. Bateh has no standing to challenge the trustee's sale. The court need not address NW Trustee's implicit contention that Ms. Bateh, as the grantor named in the deed of trust, has no standing to challenge the trustee's sale. The court notes that this contention is legally dubious at best. The court also need not address Ms.

ORDER – 8

Bateh's late-filed evidence, which strongly suggests that she succeeded to Mr. Bateh's rights under the note as the result of her divorce decree. Instead, the court can rely on the three documents on which NW Trustee relies – the notice of default, the appointment of successor trustee, and the notice of trustee's sale. All three documents declare that Ms. Bateh was a borrower. Taking reasonable inferences from those documents in Ms. Bateh's favor, as the court is required to do, it must rule that Ms. Bateh has the rights of a borrower with respect to the 2005 note.

## IV.  CONCLUSION

For the reasons previously stated, the court GRANTS NW Trustee's motion for summary judgment. Dkt. # 21. The court DENIES the motion to strike (Dkt. # 25), because NW Trustee suffers no prejudice from the court's consideration of the document that the motion targets. The clerk shall TERMINATE NW Trustee as a party to this action.

DATED this 29th day of July, 2014.

*(signature)*

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 9