HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HEATHER BATEH,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>    Defendants. | CASE NO. C14-293RAJ<br><br>ORDER |

This matter comes before the court on Plaintiff's "Motion to Set Aside or Vacate Summary Judgment and Motion to Stay This Proceeding Pending Appeal." Dkt. # 30. The court treats this motion as a motion for reconsideration of the court's July 29 order granting a motion for summary judgment from Defendant Northwest Trustee Services, Inc. ("NW Trustee"). The court DENIES the motion for reconsideration, and DENIES Plaintiff's request to stay this action pending appeal.

A motion for reconsideration must demonstrate either "manifest error in the prior ruling" or "new facts or legal authority [that] could not have been brought to [the court's] attention earlier with reasonable diligence." Local Rules W.D. Wash. LCR 7(h)(1). Plaintiff's motion meets neither standard, and the court accordingly denies it. As was the case in response to NW Trustee's original motion, Plaintiff provides no evidence that NW Trustee did not have authority to foreclose her deed of trust. Instead of evidence,

ORDER – 1

she offers legal conclusions.  As the court explained in its prior orders, legal conclusions are no basis to defeat summary judgment.  They are also no basis for reconsideration.[1]

The court construed Plaintiff's complaint to assert just one claim against NW Trustee – a claim to set aside the trustee's sale.  Plaintiff suggests in her motion that she may have intended to state other claims against the Trustee.  If she wishes to raise other claims, she must file an amended complaint (in compliance with court rules).

Plaintiff filed a notice of appeal of the July 29 order, and she asks to stay this case pending her appeal.  Her appeal was improper, however, because the court has entered no final judgment from which she could properly appeal.  The court's July 29 order entered summary judgment solely on behalf of NW Trustee.  Plaintiff's claims against all other Defendants remain.  "As a general rule, orders granting or denying summary judgment in favor of one of several multi-party defendants do[] not constitute a final appealable judgment." *Kile v. N. Pac. Constr. Co.*, 827 F.2d 1363, 1364 (9th Cir. 1987).  Courts make an exception to the general rule for partial judgments issued in accordance with Federal Rule of Civil Procedure 54(b).  *Id.*  But no party asked for a Rule 54(b) judgment in this case, and on this record, there is no basis to enter one.  Plaintiff's appeal was improper, and the court will not stay this litigation pending an improper appeal.

DATED this 25th day of August, 2014.

The Honorable Richard A. Jones
United States District Court Judge

---

[1] Plaintiff's motion for reconsideration was untimely, because she filed it more than 14 days after the July 29 order.  Local Rules W.D. Wash. LCR 7(h)(2).  The court will excuse the untimely filing, but the court notes that Plaintiff's opposition to NW Trustee's motion for summary judgment was also untimely.  The court acknowledges that Plaintiff is proceeding without an attorney, but she must nonetheless at least attempt in good faith to comply with court rules.  In particular, she must review LCR 7(h)(2), which governs the timing, length, and noting of motions.  In the future, the court may strike Plaintiff's filings that do not indicate at least an attempt to comply with these rules.

ORDER – 2